IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAYMOND BARNES, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE IMPROVEMENTS, INC, and DREW HORNER, individually,<br><br>    Defendants. | No._____<br><br>JURY DEMANDED |

COMPLAINT & DEMAND FOR JURY TRIAL

1. The Plaintiff, Raymond Barnes ("Plaintiff"), was an employee of Defendants, Progressive Improvements, Inc., and Drew Horner (collectively sometimes "Defendants"), from 1997 to August 2009, and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216 (b) (the "FLSA"). Plaintiff was an hourly paid painter/foreman and performed related duties for Defendants who are headquartered in Cobb County, Georgia.

2. Defendant, Progressive Improvements, Inc., is a domestic corporation. Defendant operates and conducts business in Cobb County, Georgia, at its office located at 2130 Barrett Park Drive, #100, Kennesaw, GA 30144. At all times

relevant to this cause, Plaintiff worked for Defendant while it was based in its Kennesaw, Georgia office, therefore, Defendant is within the jurisdiction of this court.

3.  At all times relevant to this action, Drew Horner was an individual resident of the State of Georgia, who owned and operated Progressive Improvements, Inc., and who regularly exercised authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of the business.  By virtue of having regularly exercised that authority on behalf of Progressive Improvements, Inc., Drew Horner is an employer as defined by 29 U.S.C. § 201 et seq.

4.  This action is brought pursuant to the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every similarly situated employee who worked for Defendants at any time within the past three (3) years.

5.  This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.  This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6.  Based upon information and belief, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29

7. Additionally, Plaintiff was required to perform jobs in Georgia, Florida and Arizona, among other locations, and is individually covered under the Fair Labor Standards Act.

8. Defendants are engaged in interstate commerce and were so engaged during Plaintiff's employment with Defendants.

9. Defendants have two or more employees of the enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

10. Plaintiff and those similarly situated to him were individually covered by the FLSA as they utilized the instrumentalities of commerce and worked in different states.

11. At all times relevant to this action, Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to him, complete overtime compensation for those hours worked in excess of forty (40) within a workweek.

12. Specifically, Plaintiff, and those similarly situated to him, were paid "straight time" for their overtime hours worked.

13. Defendants failed to compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

14. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendants who, like Plaintiff, were only paid "straight time" and not compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

15. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession, custody, or control of Defendants.

16. The burden of proof regarding the precise number of hours worked by Plaintiff and those similarly situated belongs to Defendants.

## RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff reasserts and incorporates by reference all allegations contained within Paragraphs 1 – 16 above.

18. During their employment with Defendants, Plaintiff and other similarly situated employees, regularly worked overtime hours but were not paid complete time and one-half compensation for same.

19. Plaintiff, and those similarly situated employees, only received "straight time" pay from Defendants for their overtime hours worked.

20. Defendants failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

21. Defendants' failure to properly compensate Plaintiff and other similarly situated employees for their overtime hours worked was willful and reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

22. As a result of Defendants' intentional, willful, and/or reckless failure to lawfully compensate Plaintiff and other similarly situated employees for overtime hours that they worked, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

23. As a result of Defendants' intentional, willful, and/or reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages from Defendants.

24. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees demand payment of their overtime wages and at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendants' practice of paying "straight time" violates the FLSA, and that all hours worked over forty in a workweek should be paid at time and one-half of an employees' regular rate of pay, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan, P.A. in prosecuting this case pursuant to 29 U.S.C. § 216(b), and such further relief as this Honorable Court may deem to be just and proper.

Respectfully submitted this the 26th day of July, 2010.

                MORGAN & MORGAN, PA

By:   s/ Jennifer M. Bermel
      JENNIFER M. BERMEL
      GA BAR NO: 794231
      Morgan & Morgan, P.A.
      One Commerce Square, 26th Floor
      Memphis, TN  38103
      Phone:  901-217-7000
      Attorney for Plaintiff
      Fax: (901) 333-1871
      Email: jbermel@forthepeople.com