IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAYMOND BARNES, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

PROGRESSIVE IMPROVEMENTS, INC,
and DREW HORNER, individually,

    Defendants.

Case No.1:10-cv-2328-WSD

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff Raymond Barnes and Defendants Progressive Improvements, Inc. and Drew Horner (collectively "Defendants") jointly and respectfully request that the Court grant this Joint Motion to Approve Settlement of Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). In support of this Motion, the parties show the Court as follows:

### FACTS

1. On July 26, 2010, Plaintiff Raymond Barnes filed a lawsuit alleging that Defendants violated the FLSA by failing to pay overtime to Plaintiff Raymond Barnes and other individuals similarly situated to him. The lawsuit is a collective action, and two other plaintiffs have elected to "opt in" since it was filed. Opt-In Plaintiff Stephen Barnes filed a consent to join the lawsuit on October 7, 2010, but

later voluntarily filed a Notice of Withdrawal of Consent on October 14, 2010, and, consequently, is no longer a party to this lawsuit. Opt-In Plaintiff Charles Jones filed a consent to join the lawsuit on August 6, 2010, and he remains a party to this lawsuit today. Plaintiff Raymond Barnes and Opt-In Plaintiff Charles Jones are collectively referred to as "Plaintiffs" for purposes of this Motion.

2. Defendants denied Plaintiffs' claims in their Answer and deny that they have any liability or obligations to Plaintiffs under the FLSA.

3. The parties agree that there are bona fide disputes in this lawsuit, including, but not limited to, the computation of back wages, if any, due to Plaintiffs by Defendants, whether Defendants are entitled to offset lodging credits and other consideration previously paid or provided to Plaintiffs, and whether Defendants acted willfully with respect to their compensation of Plaintiffs.

4. The parties desire to resolve Plaintiffs' claims and to avoid the further cost and expenses of litigation of these claims. Therefore, Defendants have agreed to pay Plaintiffs the following amounts in resolution of their disputed FLSA claims:

- $4,931.25 to Plaintiff Raymond Barnes, which represents claimed back wages owed to Plaintiff Raymond Barnes ($2,431.25), plus his reasonable attorneys' fees ($2,500.00).

- $14,086.75 to Opt-In Plaintiff Charles Jones, which represents claimed back wages owed to Plaintiff Jones ($11,586.75), plus his reasonable attorneys' fees ($2,500.00).

5. The parties agree that these amounts are fair and reasonable for the following reasons:

    a. The settlement amounts represent the full amount of overtime compensation (excluding liquidated damages) to which Plaintiffs claim they are entitled for the applicable three-year statute of limitations.

    b. There are bona fide disputes in this lawsuit, and the parties agree that these disputes raise, at a minimum, a possibility that Plaintiffs would not prevail on some or all of their claims.

    c. The parties reached this agreement to resolve Plaintiffs' claims as a result of involved negotiations between counsel for the parties.

    d. The agreement to resolve Plaintiffs' claims was not the product of duress, undue influence, or coercion.

6. The agreement to resolve Plaintiffs' claims represents a fair and reasonable compromise over issues that are actually in dispute, and the parties seek the Court's approval of the agreement, as required by the FLSA.

INCORPORATED MEMORANDUM OF LAW

In considering settlement of an FLSA claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). The Eleventh Circuit has approved settlements in the context of FLSA suits brought by employees for back wages "because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

Here, as noted above, Plaintiffs have initiated claims against Defendants and are represented by attorneys, and the agreement jointly submitted to the Court for approval reflects a reasonable compromise over bona-fide disputed issues. The agreement to resolve Plaintiffs' claims also promotes the policy of encouraging settlement of litigation. Accordingly, the parties respectfully request that the Court approve the parties' agreement. A proposed order is attached hereto.

4

WHEREFORE, the parties request that the Court approve the agreement to resolve Plaintiffs' claims and DISMISS Plaintiffs' claims WITH PREJUDICE.

Respectfully submitted this 19th day of January, 2011.

| MORGAN & MORGAN, P.A. | TROUTMAN SANDERS LLP |
|---|---|
| /s/ Jennifer M. Bermel<br>Jennifer M. Bermel<br>Georgia Bar No. 794231<br>191 Peachtree Street, NE Suite 4200<br>Atlanta, Georgia 30303<br>Telephone: (404) 965-8811 | /s/ Michael D. Kaufman<br>Michael D. Kaufman<br>Georgia Bar No.: 409195<br>/s/ Matthew Almand<br>Matthew Almand<br>Georgia Bar No.: 140975 |
| /s/ C. Ryan Morgan, Pro Hac Vice<br>C. Ryan Morgan<br>Florida Bar No. 0015527<br>20 North Orange Ave. – 14th FL<br>Orlando, FL 32802<br>Telephone: (407) 420-1414<br>Attorneys for Plaintiffs | 600 Peachtree Street, N.E., Suite 5200<br>Atlanta, Georgia 30308-2216<br>Telephone: (404) 885-3000<br><br>Attorneys for Defendants |